IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **HONESTY L. TRUTH,** *Plaintiff,* | § § § | |
| VS. | § § | CIVIL NO. 4:25-CV-185-P |
| **SORAYA JOSLIN, et al.,** *Defendants.* | § § § | |

### ORDER RECOMMENDING DISMISSAL
### AND RETURNING CASE TO DISTRICT JUDGE

On February 26, 2025, *pro se* Plaintiff Honesty L. Truth ("Truth") filed a Complaint [doc. 1] in the above-styled and numbered cause. On February 28, 2025, in two separate orders, the Court: (1) ordered Truth to either pay the $405 filing and administrative fees or complete all sections of the long-form *in forma pauperis* ("IFP") application and return it within 30 days from the date of the order [doc. 8],[1] and (2) unfiled Truth's Complaint because it failed to contain a civil cover sheet, the Complaint was not signed by her as a party proceeding *pro se*, and it did not contain a separately signed certificate of interested persons [doc. 9]. On March 17, 2025, the Court ordered Truth file, no later than March 31, 2025, a complaint that contains her signature, a civil cover sheet, and a separately signed certificate of interested persons [doc. 11]. The Court further advised that failure to timely file a complaint could result in the dismissal of the case without further notice.

On March 27, 2025, Truth filed a Motion for Leave to File First Amended Complaint [doc. 18]. Subsequently, on March 31, 2025, the Court unfiled Truth's Motion for Leave to File First

---

[1] Truth, on March 27, 2025, filed an Amended Motion for Leave to Proceed *in forma pauperis* ("Amended Motion") [doc. 16]. However, the Amended Motion did not comply with the Court's February 28 Order because it contained the short-form Application IFP rather than the long-form application as ordered. As of the date of this Order, Truth has not filed a completed long-form IFP Application or paid the applicable $405 filing and administrative fees. Thus, Truth wholly failed to comply with the Court's February 28 Order.

Page | 1

Amended Complaint, noting that the Amended Complaint did not contain a civil cover sheet [doc. 28]. That same day, the Court entered an Order denying Truth's Motion for Permission to E-File [doc. 30] and extended time for Truth to file a Complaint that complied with the Court's previous orders to April 18, 2025. Truth was further advised that failure to timely file a complaint could result in the dismissal of the case without further notice. All of the Court's orders were mailed to Truth. As of the date of this Order, Truth has wholly failed to comply with the Court's orders by: (1) failing to either pay the $405 filing and administrative fees or complete all sections of the long-form IFP Application, and (2) failing to file a Complaint that complies with the Court's previous orders. Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **DISMISSED** for failing to comply with the Court's orders.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until May 12, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 28, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE